**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY, | **Civil Action No. 20-03412 (SRC)** |
| Plaintiff, | **ORDER** |
| v. | |
| GALAFORO CONSTRUCTION, LLC, | |
| Defendant. | |

**CHESLER**, District Judge

    **IT APPEARING** that Plaintiff Arch Specialty Insurance Company ("Arch" or "Plaintiff") initiated this action by filing a Complaint in this Court on March 30, 2020; and it further

    **APPEARING** that, after Defendant Galaforo Construction, LLC ("Galaforo" or "Defendant") failed to file an answer or motion in response, Plaintiff filed a request for an entry of default, which the Clerk of Court entered; and it further

    **APPEARING** that Plaintiff subsequently filed a motion for default judgment [ECF 8]; and it further

    **APPEARING** that this Court has since reviewed the Complaint <u>sua sponte</u> as an exercise of its independent obligation to satisfy itself that it has subject matter jurisdiction over a case;[1] and it further

---

[1] <u>Meritcare Inc. v. St. Paul Mercury Ins. Co.</u>, 166 F.3d 214, 217 (3d Cir. 1999), <u>overruled on other grounds by</u> <u>Exxon Mobil Corp. v. Allapattah Svcs., Inc.</u>, 545 U.S. 546 (2005); <u>Carlsberg Resources Corp. v. Cambria Sav. & Loan Ass'n</u>, 554 F.2d 1254, 1256-57 (3d Cir. 1977).

**APPEARING** that the Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction;"[2] and it further

**APPEARING** that the Complaint asserts that there is federal subject matter jurisdiction over this action based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a); and it further

**APPEARING** that for diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity, meaning all plaintiffs must be citizens of a different state or states than all defendants, and the amount in controversy must exceed $75,000, exclusive of interest and costs;[3] and it further

**APPEARING** that the Complaint fails to set forth the pertinent information needed to determine the citizenship of both Plaintiff and Defendant; and it further

**APPEARING** that the Complaint fails to state whether Plaintiff is a business entity organized as a corporation or organized in some other form; and it further

**APPEARING** that the citizenship of a corporation is both the state of incorporation and the state of its principal place of business;[4] and it further

**APPEARING** that the Complaint does not detail the citizenship of the members of Defendant Galaforo, an LLC; and it further

**APPEARING** that the citizenship of a limited liability company is "determined by the citizenship of its members;"[5] and it further

---

[2] Fed. R. Civ. P. 8(a)

[3] 28 U.S.C. § 1332(a)(1); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806) (holding that, for jurisdiction to attach under section 1332(a)(1), there must be complete diversity between all plaintiffs and defendants).

[4] 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S.Ct. 1181 (2010).

[5] Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

**APPEARING** that, given the Complaint's foregoing deficiencies in pleading the citizenship of the parties, the Court cannot determine whether there is complete diversity between Plaintiff and Defendant; and it further

**APPEARING** that the proponent of federal subject matter jurisdiction bears the burden of establishing that the Court has diversity jurisdiction;[6] and it further

**APPEARING** that, for the reasons set forth above, Plaintiff has provided the Court with insufficient information to carry that burden; and it further

**APPEARING** that if it appears that this Court lacks subject matter jurisdiction over this case, the action must be dismissed;[7] therefore,

**IT IS** on this 10th day of March, 2021, hereby

**ORDERED** that Plaintiff's motion for default judgment [ECF 8] is **DENIED** without prejudice, as subject matter jurisdiction has not yet been shown; and it further

**ORDERED** that Plaintiff shall show cause in writing before the undersigned by March 24, 2021 why this action should not be dismissed for lack of subject matter jurisdiction.

     s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

---

[6] Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Wright & Miller, 13 Federal Practice & Procedure § 3522 (3d ed. 2013) ("[T]here is a presumption that a federal court lacks subject matter jurisdiction, and the party seeking to invoke federal jurisdiction must affirmatively allege the facts supporting it.").

[7] Fed. R. Civ. P. 12(h)(3).